# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**Chubb Custom Insurance Company,**

**Plaintiff,**

-V-

**Case No.: 2:07-cv-1285**
**JUDGE SMITH**
**Magistrate Judge King**

**Grange Mutual Casualty Company,** *et al.,*

**Defendants.**

## ORDER

This matter is before the Court on Plaintiff Chubb Custom Insurance Company's Renewed Motion to Bifurcate and Stay Defendants' Bad Faith Claim (Doc. 36). Defendant Grange Mutual Casualty Company has filed a response, and the motion is now ripe for review. For the reasons that follow, the Court **DENIES** Plaintiff's Renewed Motion to Bifurcate.

## I.   BACKGROUND

Plaintiff Chubb Custom Insurance Company ("Chubb") initiated this declaratory judgment action against Defendant Grange Mutual Casualty Company ("Grange") to determine the parties' rights and obligations under the terms, conditions, and exclusions of the professional liability policy (the "Policy") issued by Plaintiff Chubb. The Policy indemnified Defendant Grange Mutual Casualty Company ("Grange") for any loss resulting from any act involving Grange's claims handling and adjusting. The Policy was issued for July 1, 2004 through July 1, 2005. This dispute involves two class action lawsuits involving Defendant. The first class action lawsuit, *Hensley, et al. v. Computer Sciences Corp., et al.* (the "Hensley Action"), was brought

against Defendant, among others, but was dismissed without prejudice on December 11, 2007. The second class action lawsuit, *Gooding et al. v. Grange Indemnity Insurance Co. et al.* (the "Gooding Action") was filed on December 4, 2007. The lawsuits allege that a group of insurance companies, including Defendants, conspired among themselves to purchase, calibrate, and implement three computer software programs so that the insurers could use the software to systematically and uniformly underpay the UM/UIM benefits due to their respective policyholders. As a result, the insurers, including Defendants, reaped improper and illegal profits for themselves at the expense of their respective policyholders.

Chubb was notified of the Hensley Action in May 2005. Chubb issued reservation of rights letters to the Defendants, reserving Chubb's rights under the terms, conditions, and exclusions of the Policy. Chubb issued a supplemental reservation of rights letter after Defendants announced their shift in defense strategy for the Hensley Action from litigation to settlement. Chubb initiated this action after receiving notification that Defendant had submitted a stipulation of settlement in the Gooding Action on December 12, 2007. Plaintiff Chubb seeks a declaratory judgment that it has no duty to indemnify any of the Defendants for any amounts that are payable or may be payable by any of the Defendants as a result of the Hensley Action or the Gooding Action or the stipulation of settlement of the Gooding Action because the Hensley and Gooding Actions do not fall within the applicable insurance clause of the Policy and, further, because any amounts paid or payable in such actions do not constitute "Loss" under the Policy and are otherwise excluded from coverage under the terms of the Policy. Additionally, Chubb seeks a declaration that it has complied with any duty it might have under the Policy with respect to "Defense Costs" because it has advanced over $1.8 million to Defendants for fees and costs incurred in defending the Hensely Action. Finally, Chubb requests a declaration that the

Defendants must reimburse it for all fees and costs advanced pursuant to Chubb's reservation of rights under the Policy in the event that this Court grants declaratory judgment in favor of Chubb on one or more of the other declaratory judgment counts set forth in the Complaint.

The Defendants filed an answer, affirmative defenses and counterclaims for breach of contract, indemnification, and estoppel, in which they seek coverage for the Hensley Action, the Gooding Action and/or the stipulation of settlement in the Gooding Action. Additionally, Defendants have asserted a counterclaim for bad faith and seek an award of punitive damages. In preparation of the parties Rule 26(f) Report, Defendants indicated their intent to pursue a broad range of discovery with respect to their counterclaim, which includes expert testimony and requests for Chubb's privileged communications with its attorneys. Plaintiff filed a Motion to Bifurcate which was denied by the Court. Plaintiff now seeks to renew that Motion.

## II. MOTION TO BIFURCATE

Plaintiff Chubb requests the Court bifurcate and stay the Defendants' bad faith counterclaim pending resolution of the parties' coverage claims pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. Rule 42(b) specifically states:

**Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Rule 42(b) therefore authorizes a court to bifurcate a trial in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. Bifurcation is the exception to the general rule that disputes should be resolved in a single proceeding. *See, e.g., Monaghan v. SZS 33 Assocs.*, L.P., 827 F. Supp. 233, 246 (S.D.N.Y.

3

1993); *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978). A decision on bifurcation should be grounded in the facts and circumstances of each case. *See Saxio v. Titan-C-Mtg, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). The ultimate decision to grant or deny bifurcation is left to the sound discretion of the trial court. *Id.* In determining whether separate trials are appropriate, the court should consider several facts, including "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy." *Wilson v. Morgan*, 477 F.3d 326, 329 (6th Cir. 2007) (*quoting Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). Federal courts have long adhered to the rule that bifurcation should be ordered only in exceptional cases because "[t]he piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course." Wright & Miller, *Federal Practice and Procedure* § 2388, at 474 (2nd Ed. 1999); *see also Home Elevators, Inc. v. Millar Elevator Service Co.*, 933 F. Supp. 1090, 1091 (N.D. Ga. 1996).

Plaintiff cites to Defendants' recent actions in support of this Renewed Motion to Bifurcate. Regardless of Defendants' actions, nothing has changed with respect to the Court's conclusions that the coverage and bad faith claims are interconnected. Nor has anything changed with respect to the Court's finding that judicial economy favors hearing Defendants' counterclaim along with the underlying claims in this case. Therefore, the Court does not find any basis for Plaintiff's Renewed Motion to Bifurcate and rests on its prior decisions. (*See* Opinion and Order, Doc. 22). Further, while the Magistrate Judge primarily handles discovery disputes, the issue of the Rule 30(b)(6) deposition has been raised in these briefs and the Court

will address it.[1]  The Court is concerned that Plaintiff has evaded Defendants' deposition request. As of the filing of Defendants' brief, Plaintiff had not presented a single witness.  Therefore, this Court is ordering Plaintiff to make a witness or witnesses available pursuant to Defendants' request no later than December 15, 2009.

### III.  CONCLUSION

For all of the foregoing reasons and the Court's previous Opinion and Order, the Court **DENIES** Plaintiff Chubb's Renewed Motion to Bifurcate and Stay Defendants' Bad Faith Claim. The parties are instructed to contact Magistrate Judge King's chambers as soon as any future discovery issues arise in the case.  No further delays by either party will be tolerated.

The Clerk shall remove Document 36 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The remaining discovery issues and future discovery matters will be handled by the Magistrate Judge.