**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**


**CHUBB CUSTOM INSURANCE COMPANY,**

        **Plaintiff,**

    **vs.**                                  **Civil Action 2:07-CV-1285
                                                      Judge Smith
                                                      Magistrate Judge King**

**GRANGE MUTUAL CASUALTY COMPANY,
*et al*.,
        Defendants.**


## OPINION AND ORDER

Plaintiff in this action seeks a declaration regarding its duty to indemnify the defendants ["Grange"] in connection with the defense and settlement of certain state court litigation ["the *Hensley* action"]. The *Hensley* action challenged the use by Grange of the Colossus software program to make loss payments; the plaintiff class in the *Hensley* action alleged that Colossus undervalued their UIM/UM claims. Plaintiff alleges that expenditures incurred in defending and settling the *Hensley* action are not covered by the policy because those expenditures resulted from a business decision that did not arise solely in the performance of Grange's insurance services. *Complaint,* Doc. No. 2, ¶60. Plaintiff also alleges that the amounts paid in settlement of the *Hensley* action do not constitute a "Loss" within the definition of the policy. *Id.*, ¶¶63-66. Finally, plaintiff contends that the amounts sought fall within the "Benefits Due Exclusion" provision of the policy. *Complaint,* ¶¶68-73.[1] Grange asserts counterclaims for breach of contract, indemnification, bad faith and estoppel. *Answer and Counterclaim*, Doc.

---

[1] The Court's *Opinion and Order* of January 30, 2009, Doc. No. 26, includes an extended discussion of the claims and defenses in this action. The Court incorporates that discussion by reference in this *Opinion and Order.*

No. 4. This matter is now before the Court on *Plaintiff's Motion to Compel*, Doc. No. 27, and *Defendants' Motion to Compel and Motion to Show Cause Why Plaintiff Should Not be Held in Contempt*, Doc. No. 40.

**Plaintiff's Motion to Compel, Doc. No. 27.**

Plaintiff seeks response to its Interrogatories 2-5, 7-8, 11-12[2] and its Requests for Production of Documents Nos. 1-10, 20, 22-23, 25-26, and 29.[3] Grange initially raised a number of objections to the requests. However, Grange now appears to argue primarily that, because plaintiff's claims must fail as a matter of law, discovery relevant to those claims is necessarily improper. *Memorandum contra*, Doc. No. 31, p.15.

Rule 26(b) of the Federal Rules of Civil Procedure authorizes the discovery of "any non-privileged matter that is relevant to any party's claim or defense. ..." F.R. Civ. P. 26(b)(1). Grange has not filed a motion to dismiss plaintiff's claims, or for summary judgment on these claims. So long as its claims remain, plaintiff has the right to pursue discovery relevant to its claims. Grange's objections to plaintiff's discovery requests, and based on the claimed insufficiency of plaintiff's claims, are without merit.

Plaintiff requests production of the claims files of those insureds who were members of the settlement class in the *Hensley* action, which are estimated to number between 700 and 800. In response, Grange proposed the production of just a sample of 50 such claims files. *Defendants' Memorandum in Opposition*, Doc. No. 31, p. 19. Plaintiff opposes this proposal, taking the position that Grange has failed to

---

[2] Plaintiff's initial request for response to Interrogatories 17, 19 has been withdrawn. *Plaintiff's Reply in Support of its Motion to Compel*, Doc. No. 32, p.4.

[3] At the conclusion of its *Reply*, plaintiff also refers to Request for Production of Document No. 11. *Reply*, p.13. It appears to the Court that this reference is in error.

establish undue burden in responding to the discovery requests sufficient to justify this procedure. *Reply*, pp. 12-13. This Court agrees.

A Court may issue a protective order upon motion where the party establishes "good cause" for protection "from annoyance, embarrassment, oppression or undue burden or expense. ..." F.R. Civ. P. 26(c)(1). Grange has simply failed to establish good cause for its proposal and has wholly failed to demonstrate that production of the documents requested by plaintiff in this regard will subject it to undue burden or expense.

Grange has apparently failed to respond to other discovery requests, arguing that it cannot at this juncture make a final and comprehensive response. Grange must promptly respond to proper discovery requests to the extent that it is able to do so. Certainly, Grange will have the opportunity -- indeed the obligation -- to supplement its responses in a timely manner if it "learns that in some material respect the disclosure or response is incomplete or incorrect. ..." F.R. Civ. P. 26(e)(1)(A).

In response to plaintiff's contention interrogatories, Grange merely referred plaintiff to otherwise unspecified pleadings and other documents in the action. Grange's response in this regard is improper. The Federal Rules of Civil Procedure require that "[e]ach interrogatory ... be answered separately and fully in writing under oath." F.R. Civ. P. 33(b)(3). If Grange wishes to exercise its option to produce business records in lieu of answering interrogatories, *see* F.R. Civ. P. 33(d), it must provide a detailed specification sufficient to enable plaintiff "to locate [the document] as readily as" Grange could. F.R. Civ. P. 33(d)(1). Responses to requests for production of documents must consist of the production of documents "as they are kept in the usual course of business" or as organized and labeled "to correspond to the categories

3

in the request. ..." F.R. Civ. P. 34(b)(2)(E)(i). Grange must answer plaintiff's contention interrogatories in proper fashion.

Plaintiff's Request Nos. 22, 23 and 26 address Grange's bad faith counterclaim and seek information addressing Grange's procedures regarding its own determinations of coverage and bad faith claims asserted against it. Grange objects, arguing that resolution of its counterclaim "does not hinge at all upon how Grange reviews claims submitted by its insureds, nor the existence of allegations of bad faith conducted by Grange." *Defendants' Memorandum in Opposition*, p.17, Doc. No. 31. However, if Grange intends to rely on expert testimony regarding industry practices in claims handling procedures in the prosecution of its bad faith counterclaim,[4] Grange's own claims handling processes may be relevant to that counterclaim. Accordingly, this Court concludes that this discovery is reasonably calculated to lead to the discovery of admissible evidence.

Finally, there appears to remain some issue as to terms of a protective order. The parties are **DIRECTED** to attempt to negotiate terms of a protective order. To the extent that the parties cannot do so, the Court will, upon motion, impose its own terms as the Court deems appropriate.

In sum, *Plaintiff's Motion to Compel Discovery*, Doc. No. 27, is **GRANTED** consistent with the foregoing. Defendant shall respond to those remaining discovery requests within twenty (20) days of the date of this *Opinion and Order*.

***Grange's Motion to Compel and Motion to Show Cause Why***

---

[4] In the parties' *Rule 26(f) Report*, Doc. No. 11, defendant Grange indicated that it intended to present expert testimony relating to plaintiff's "claims handling and adjustment process; and ... the insurance coverage decision process." *Rule 26(f) Report of the Parties,* Doc. No. 11, p.7.

***Plaintiff Should Not be Held in Contempt, Doc. No. 40.***

Grange complains that plaintiff has failed to comply with Grange's deposition notice issued pursuant to F.R. Civ. P. 30(b)(6). That notice, *Exhibit A* attached to Doc. No. 40, included 45 topics to be addressed at the deposition. Plaintiff objected to approximately half of the noticed topis and, according to Grange, refused to make its representative(s) available for deposition. Review of the parties' filings and exchange of correspondence, however, persuades the Court that any failure to schedule the deposition is more attributable to a misunderstanding on the part of plaintiff's counsel than to a deliberate refusal to reschedule the deposition.

The parties are **DIRECTED** to forthwith schedule the deposition. To the extent that plaintiff may take the position that information protected by the attorney-client privilege of the work-product doctrine will be addressed at the deposition, plaintiff may register appropriate objections during the course of the deposition.

Grange also objects to plaintiff's invocation of the attorney-client privilege and the work-product doctrine in connection with certain of plaintiff's responses to Grange's requests for production of documents. In that regard, plaintiff produced a privilege log, *Exhibit F* attached to Doc. No. 40, which Grange contends is inadequate.

Plaintiff has submitted to the Court for *in camera* inspection the documents addressed in its privilege log, in both original and redacted forms. Having reviewed that submission, the Court is persuaded that the redactions were appropriate and that the privilege log is sufficient under F.R. Civ. P. 26(b)(5)(A)(i),(ii).[5]

In sum, Grange's *Motion to Compel and Motion to Show Cause* is

---

[5] Plaintiff should promptly make arrangements for the retrieval of its *in camera* submission.

without merit

**WHEREUPON**, *Plaintiff's Motion to Compel*, Doc. No. 27, is **GRANTED** consistent with the foregoing; *Grange's Motion to Compel and Motion to Show Cause Why Plaintiff Should Not Be Held in Contempt*, Doc. No. 40, is **DENIED.**


March 25, 2010                                        *s/Norah McCann King*
                                                        Norah M<sup>c</sup>Cann King
                                                    United States Magistrate Judge