**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CHUBB CUSTOM INSURANCE COMPANY,**

   **Plaintiff,**

 **vs.**          **Civil Action 2:07-CV-1285
              Judge Smith
              Magistrate Judge King**

**GRANGE MUTUAL CASUALTY COMPANY,**
*et al.*,
   **Defendants.**

## OPINION AND ORDER

   On June 4, 2009, this Court entered a protective order in which the parties addressed materials to be designated as "Confidential" or "Highly Confidential." *Protective Order,* Doc. No. 34. By the terms of that order, any party could designate discovery as "Confidential" if the party "in good faith believes" that the document contains information not known to the general public, a trade secret or other legally protectible information such as "competitive sensitive business information. ..." *Id.*, pp. 1-2. A party could denominate as "Highly Confidential" information "of an especially sensitive or confidential nature that requires further enhanced restrictions and protections." *Id.,* p.2. While authorized disclosure of "Confidential" information is limited, *id.*, p. 5, authorized disclosure of "Highly Confidential" information is extremely restricted. *Id.,* pp. 5-6. The protective order also authorizes any party to challenge the designation of any information as "Confidential" or "Highly Confidential." *Id.,* pp. 10-11. This matter is now before the Court on Grange's motion to remove the "Highly Confidential" denomination of certain documents produced by plaintiff. Doc. No. 48.

   Grange's motion addresses plaintiff's electronic claims notes

file, which serves as a record of all communications between plaintiff and Grange, as well as of plaintiff's internal deliberations regarding its handling of the claims submitted by Grange and which are at issue in this action. Plaintiff contends that the information was properly denominated "Highly Confidential" because each page of each such document reveals highly sensitive proprietary computer information. In its reply, Grange appears to credit plaintiff's contention that certain information on every page of these electronic documents is highly sensitive and satisfies the standard of "Highly Confidential" information established by the protective order. However, Grange suggests that, rather than denominating every page of the entire document as "Highly Confidential," plaintiff limit this denomination to only that particular portion of each page entitled to such protection.

The Court and the public ordinarily have little interest in access to discovery documents. *See, e.g., Seattle Times Co. v. Rhinehart,* 467 U.S. 20 (1984); *Proctor & Gamble Co. v. Bankers Trust Co.,* 78 F.2d 219, 225 (6th Cir. 1996). However, the denomination of confidential materials by the parties in this action may eventually impact public access to such information should those documents be filed with the Court. *See Brown & Williamson Tobacco Corp. v. F.T.C.,* 710 F.2d 1165 (6th Cir. 1983)(a strong public right of access attaches when a document is filed or utilized in public proceedings). The Court agrees with Grange that plaintiff's denomination of every page of the entire document as "Highly Confidential" merely because of certain limited information reflected on each page of the document is both excessive and unnecessary. The Court therefore **GRANTS** Grange's motion, Doc. No. 48, in part. The highly confidential information reflected on those documents may be redacted by plaintiff, and the "Highly Confidential" denomination shall not apply to the remaining portion of those documents.

<u>March 25, 2010</u>                             <u>*s/Norah McCann King*</u>
                                    Norah M<sup>c</sup>Cann King
                              United States Magistrate Judge