IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHUBB CUSTOM INSURANCE COMPANY,**

    **Plaintiff,**

  vs.                                Civil Action 2:07-CV-1285
                                        Judge Smith
                                        Magistrate Judge King

**GRANGE MUTUAL CASUALTY COMPANY,** *et al.,*

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on *Defendants' Motion for Procedural Modification of Order Dated September 29, 2011 Directing Further Briefing of Bad Faith Counterclaim*, Doc. No. 126.

The Court has previously set forth at length the factual background of this action. *See*, *e.g.*, *Opinion and Order*, Doc. No. 125. Briefly, plaintiff Chubb Custom Insurance Company ("Chubb") issued an Insurance Company Professional Liability Policy, Policy Number 7022-9033 ("the Policy"), under which each defendant (collectively, "Grange") is a named insured. *Id.* at 1-2. In 2005, a class action was filed in state court against Grange and other insurance companies, alleging that Grange and others had improperly used certain computer software in connection with the processing of claims ("the *Hensley* Action"). *Id.* at 2. After Grange was dismissed from the *Hensley* Action in December 2007, a second lawsuit ("the *Gooding* Action") was filed against Grange and later settled. *Id.* Following that settlement, Grange sought indemnification for settlement payments made in the *Gooding* Action and for defense costs

in the *Hensley* Action and/or *Gooding* Action.  *Id*.

Shortly thereafter, Chubb filed the instant declaratory action, seeking declaratory judgment that the *Hensley* Action, the *Gooding* Action, and the settlement are not covered under the Policy (Count I); that there is no "Loss" under the Policy and therefore no coverage (Count II); that it has no duty to indemnify Grange because the "benefits due exclusion" applies (Count III); and that its advancement of defense costs to Grange was reasonable and proper and should be reimbursed (Count IV).  In response, Grange filed an answer and counterclaim alleging claims of breach of contract (Count I), indemnification (Count II), bad faith (Count III), and estoppel (Count IV).

On February 15, 2011, Chubb moved for summary judgment on all claims, Doc. No. 68, and Grange moved for partial summary judgment, Doc. No. 69 (seeking summary judgment in its favor as to Chubb's Counts I, II, and III, the granting of partial summary judgment as to Count IV, and the granting of summary judgment as to Count II of its Counterclaim).  On September 29, 2011, the Court denied in part Chubb's motion for summary judgment and granted Grange's motion for partial summary judgment.  *Opinion and Order*, Doc. No. 125.  However, the Court deferred ruling on Chubb's motion for summary judgment as it relates to Grange's bad faith counterclaim, instructing the parties to provide supplemental briefing on this issue.  *Id*. at 24.  The Court also requested "briefing on the issue of whether Grange is entitled to an additional reimbursement of approximately $200,000 for defense costs.  The parties' supplemental briefs shall be filed no later than December 16, 2011, with responses and replies to be filed pursuant to

S.D. Ohio Civ. R. 7.2." *Id*.[1]

Nearly two months later, Grange moves, pursuant to Fed. R. Civ. P. 60(a), to modify the *Opinion and Order*, Doc. No. 125, to the extent that Grange seeks to extend the briefing schedule detailed in that decision.  Grange argues that the Court's prior *Order*, Doc. No. 60,[2] stayed discovery as to privileged information and as to experts, and that "the Court may have overlooked the fact that the parties have not yet completed discovery as to the bad faith claim and, therefore, should not be compelled to submit final briefing on this issue to the Court until they have had the opportunity to do so."  Doc. No. 126, p. 3.  Chubb opposes Grange's motion, contending that (1) Grange does not need attorney-client privileged documents or expert discovery in order to respond to summary judgment on its bad faith claim, and (2) Fed. R. Civ. P. 56(d) is the proper vehicle for the relief Grange seeks, the requirements of which Grange has failed to satisfy.  Doc. No. 128.

As an initial matter, the Court concludes that Fed. R. Civ. P. 60(a) has no applicability in resolving the instant issue.  "The basic purpose of [that] rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *Pruzinsky v. Gianetti (In re Walter)*, 282 F.3d 434, 440 (6th Cir. 2002).  Here, contrary to Grange's contention, there is no mechanical error arising from oversight or omission contained in the *Opinion and Order*, Doc. No. 125.  While the Court's prior *Order*, Doc. No. 60, precluded-- with the agreement of the parties-- the discovery that

---

[1] On December 14, 2011, the Court, upon motion, suspended the deadline of December 16, 2011, pending resolution of Grange's current motion. *Order*, Doc. No. 131.

[2] Grange incorrectly states that this *Order* was dated August 19, 2011. Doc. No. 126, p. 3.  The *Order* was issued August 19, 2010.

3

Grange now seeks, Grange never moved to lift the stay of discovery or otherwise bring to the Court's attention Grange's claimed need for this discovery in connection with the supplemental briefing ordered in the later *Opinion and Order*.  Stated differently, Grange's current attempt to recast its own failure to pay attention to this case and to the rulings of this Court as the District Judge's oversight is an improper, and unpersuasive, use of Rule 60(a).  Indeed, nowhere in its motion, Doc. No. 126, or its reply memorandum, Doc. No. 128, does Grange offer any explanation for waiting nearly two months to seek leave to conduct discovery.  Moreover, Grange provides no insight into how much time it believes that it needs to conduct such discovery, instead asking generally that the Court "postpone briefing" and "set a schedule for the completion of discovery."  Doc. No. 126, p. 5.  *See also* Doc. No. 129, p. 6.  Grange's utter failure to justify in any way its vague request is inexplicable and inexcusable, particularly in light of the age of this case.

Nevertheless, the Court notes that there is no summary judgment motion pending that contains the arguments as to Grange's bad faith counterclaim as outlined by Chubb in its opposition to Grange's present motion.  Doc. No. 127, pp. 6-9.  Moreover, Chubb acknowledges that, once it has filed its supplemental brief containing these arguments, Grange may move pursuant to Fed. R. Civ. P. 56(d) for additional time to conduct discovery.  *Id*. at 10-12.  Under these circumstances, notwithstanding Grange's meritless motion, the Court concludes that some modification of the present schedule is necessary.

**WHEREUPON**, *Defendants' Motion for Procedural Modification of Order Dated September 29, 2011 Directing Further Briefing of Bad Faith Counterclaim*, Doc. No. 126, is **DENIED**.  However, the supplemental

briefing on the issue of Grange's bad faith counterclaim is **MODIFIED** as follows:

    Chubb is **ORDERED** to file a renewed motion for summary judgment on the issue of Grange's bad faith counterclaim no later than December 30, 2011.  Opposing and reply memoranda shall be filed within rule.

    However, if after Chubb's renewed motion is filed Grange concludes that additional discovery is necessary, Grange is **ORDERED** to file a motion pursuant to Fed. R. Civ. P. 56(d), strictly complying with the requirements of that rule, *inter alia*, specifying what additional discovery is necessary in order to respond, within 10 days of the filing of that renewed motion.  If Chubb opposes any Rule 56(d) motion filed by Grange, it must file a response within 10 days of the filing of such motion.  Any reply memorandum must be filed within 7 days of the filing of Chubb's response.


December 20, 2011                        *s/Norah McCann King*
                                             Norah M<sup>c</sup>Cann King
                               United States Magistrate Judge