```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE SOUTHERN DISTRICT OF OHIO
                              EASTERN DIVISION
```

**CHUBB CUSTOM INSURANCE COMPANY,**

       Plaintiff,

  vs.                                        Civil Action 2:07-CV-1285
                                                 Judge Smith
                                                 Magistrate Judge King

**GRANGE MUTUAL CASUALTY COMPANY,** *et al.,*

       Defendants.

## OPINION AND ORDER

This matter is before the Court on *Defendants' Motion Pursuant to Rule 56(d) to Conduct Additional Discovery to Discover Facts in Opposition to Plaintiff's Renewed Motion for Summary Judgment*, Doc. No. 137. For the reasons that follow, the motion of defendants (collectively, "Grange") is **DENIED** in part and **GRANTED** in part.

    I.   PROCEDURAL BACKGROUND

Several times the Court has set forth at length the factual background of this action. *See*, *e.g.*, *Opinion and Order*, Doc. No. 134; *Opinion and Order*, Doc. No. 125. Procedurally, on December 20, 2007, plaintiff Chubb Custom Insurance Company ("Chubb") filed the instant action against Grange seeking declaratory judgment related to the Insurance Company Professional Liability Policy, Policy Number 7022-9033 ("the Policy") that Chubb, the insurer, issued to Grange, the insured. *See* Doc. No. 125, pp. 1-3. Grange responded by filing an answer and counterclaim. *Id.*

On February 15, 2011, Chubb moved for summary judgment on all claims (Doc. No. 68), and Grange moved for partial summary judgment (Doc. No. 69).  On September 29, 2011, the Court denied in part

Chubb's motion for summary judgment and granted Grange's motion for partial summary judgment. *See Opinion and Order*, Doc. No. 125. The Court deferred ruling, however, on Chubb's motion for summary judgment as it relates to Grange's bad faith counterclaim, instead instructing the parties to provide supplemental briefing on this issue. *Id.* at 24. The Court also requested "briefing on the issue of whether Grange is entitled to an additional reimbursement of approximately $200,000 for defense costs." *Id.*

Nearly two months later, shortly before the supplemental briefing deadline, Grange filed a motion pursuant to Fed. R. Civ. P. 60(a) to modify the *Opinion and Order* (Doc. No. 125). Grange sought to extend the briefing schedule so that it could first conduct additional discovery on the bad faith claim. *See* Doc. No. 126. Chubb opposed Grange's motion. *See* Doc. No. 128. On December 20, 2011, the Court denied Grange's motion (Doc. No. 126) but modified the parties' supplemental briefing. *See* Doc. No. 134. Specifically, the Court ordered Chubb to file a renewed motion for summary judgment as to Grange's bad faith counterclaim. *Id.* at 5. Further, the Court ordered Grange to file a motion complying with Fed. R. Civ. P. 56(d) if Grange concluded that additional discovery was necessary to respond to Chubb's renewed motion for summary judgment. *Id.*

On December 30, 2011, Chubb filed its renewed motion for summary judgment as to the bad faith claim. *See* Doc. No. 135. In response, on January 10, 2012, Grange filed the instant motion pursuant to Fed. R. Civ. P. 56(d) seeking leave to conduct additional discovery relating to its opposition to Chubb's renewed motion for summary judgment. *See* Doc. No. 137.

By this motion, Grange seeks to discover: (1) communications

2

between Chubb and its outside counsel from June 29, 2007 through December 20, 2007 (the filing of this lawsuit); and (2) deposition testimony of Chubb's counsel, Stanley J. Lehman and Karen Y. Bonvalot, regarding their communications with Chubb as to the insurance coverage dispute from June 29, 2007 through December 20, 2007. *Id.* Grange asserts that this discovery is necessary to enable Grange to oppose Chubb's motion as to the "reasonable justification" element of the bad faith claim. *Id.* Grange explains that they were unable to earlier pursue such privileged communications because the Court had previously stayed discovery of privileged information in connection with the bad faith claim. *Id.*; *see also* Doc. Nos. 22, 60.  Grange attached the declaration of Natalie T. Furniss ("*Furniss Declaration*") to its memorandum in support of its motion. *See* Doc. No. 138.

Chubb opposes Grange's motion, contending that (1) the declaration is insufficient to support a 56(d) motion and (2) the requested discovery is irrelevant to the Court's bad faith analysis and, therefore, unnecessary for Grange's opposition to Chubb's renewed summary judgment motion. *See* Doc. No. 139.

## II. STANDARD FOR RULE 56(d) MOTIONS

Rule 56(d), formerly Rule 56(f), establishes the proper procedure to be followed when a party concludes that additional discovery is necessary to respond to a motion for summary judgment:

> **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Rule 56(d) is intended to provide a mechanism for the parties and the court "to give effect to the well-established

principle that 'the plaintiff must receive a "a full opportunity to conduct discovery" to be able to successfully defeat a motion for summary judgment.'" *Cardinal v. Metrish*, 564 F.3d 794, 797 (6th Cir. 2009)(quoting *Short v. Oaks Corr. Facility*, 129 F. App'x 278, 281 (6th Cir. 2005).  *See also Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1195 (6th Cir. 1995) ("Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case.").

The affidavit (or declaration) required by Rule 56(d) must "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) (citing *Radich v. Goode*, 866 F.2d 1391, 1393-94 (3d Cir. 1989)).  Whether to grant a Rule 56(d) motion falls within the district court's discretion. *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004).  A motion under Rule 56(d) may be properly denied where the requesting party "makes only general and conclusory statements [] regarding the need for more discovery," *Id.* (quoting *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999)), or where the affidavit (or declaration) "lacks 'any details' or 'specificity.'" *Id.* (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989)).

### III. DISCUSSION

As an initial matter, the Court must address the fact that Grange's briefing has been somewhat confusing.  Grange has made the bases for its bad faith claim anything but "consistent and clear," as it claims. *See Reply Memorandum of Grange Mutual Casualty Company in Support of its Motion Pursuant to Rule 56(d)*, Doc. No. 140, p. 1. In its initial representation to the Court, Grange asserted that the bad

4

faith claim was "not based upon Chubb's position of no coverage," but instead upon Chubb's alleged "foot-dragging" in the claims-handling process, especially as it related to Chubb's communication of its coverage position to Grange. *See Reply Memorandum of Grange Mutual Casualty Company in Support of Its Motion for Procedural Modification*, Doc. No. 129, p. 4. Now, in its Rule 56(d) memorandum in support, Grange asserts that it needs additional discovery to show that the coverage determination was not reasonably justified. *See* Doc. No. 138. Finally, in its reply, Grange premises its need for additional discovery on Chubb's alleged concealment of its coverage determination and Chubb's alleged failure to conduct an adequate investigation of the claim before making its determination. *See* Doc. No. 140.

The Court also recognizes that its earlier stay of discovery on the bad faith claim was based in significant measure on the fact that "the parties agree[d] that discovery relating to privileged information [would] be necessary to the resolution of the defendants' bad faith counterclaim." *See* Order, Doc. No. 60. Therefore, the Court finds it appropriate to proceed with its analysis of the motion before it.

**A. Rule 56(d)**

Chubb claims that Grange's Rule 56(d) motion should fail for two reasons. First, Chubb asserts that the *Furniss Declaration* is too general and conclusory to satisfy the specificity requirements of Rule 56(d). The Court disagrees. Grange does not merely indicate that it "needs more discovery." *See, e.g.*, *Tillman v. Mausser*, No. 2:09-cv-904, 2011 WL 1659387, at *4 (S.D. Ohio May 2, 2011)(finding as insufficient an affidavit that simply asserted need for "evidentiary documentation"). Grange specifies the precise, limited, discovery that it needs, *i.e.,* attorney-client communications identified on

Chubb's privilege log and attorney depositions, and the reason that such discovery has not been previously obtained.[1] *See Memorandum in Support of 56(d) Motion* and *Furniss Declaration*, Doc. No. 138. Grange also suggests that, by such discovery, it will uncover material facts that can be used to combat the "reasonable justification" element (albeit, articulated in various forms) of the bad faith claim addressed in Chubb's renewed motion for summary judgment. *Id.* Ultimately, although the *Furniss Declaration* could perhaps have been more detailed, Grange's corollary briefing fills in the gaps.  Thus, any arguable deficiency in the declaration is immaterial and will be construed by this Court as satisfying Rule 56(d).

     Chubb also argues that Grange's Rule 56(d) motion should be denied because the requested discovery is irrelevant to the Court's bad faith analysis and, therefore, not "essential" to Grange's opposition to Chubb's renewed summary judgment motion. *See Chubb's Opposition to Rule 56(d) Motion*, Doc. No. 139. In this regard, the parties delve into the merits of the bad faith claim, debating what standard applies for determining "reasonable justification." *Id.; Grange's Reply Memorandum in Support of Rule 56(d) Motion*, Doc. No. 140. The undersigned believes that this debate is unnecessary to the Court's analysis herein and is more properly left to the District Judge's consideration on summary judgment.

     Even if the undersigned were to apply the objective standard

---

[1] To the extent that Grange requests the production of "other documents," the Court finds such request too general and thus insufficient to satisfy the standards of Rule 56(d).  Moreover, the parties have already conducted significant discovery in this action on the coverage dispute, and there is no reason to believe that Chubb has not already identified on its privilege log all communications regarding the coverage issue that were withheld as protected by the attorney-client privilege.

6

proposed by Chubb – *i.e.*, that the insurer must have had a reasonable basis for its decision and taken reasonable steps in adjusting the claim, regardless of subjective intent – it is conceivable that the requested discovery could provide facts material to this inquiry and Grange's opposition. Moreover, the Court must remind Chubb that, when the Court agreed to stay discovery of privileged information, Chubb specifically represented that discovery of such information "will be necessary" to the Court's resolution of the bad faith claim. *See Opinion and Order*, Doc. No. 60. It simply is not equitable for this Court to allow Chubb to foreclose such discovery as "unnecessary" to the resolution of the bad faith claim when it previously argued for a stay of such discovery *until* it later became "necessary" to address the bad faith claim. Therefore, the Court will now consider whether, and to what extent, Grange is entitled to the additional discovery requested in the *Furniss Declaration.*

**B. Attorney-Client Privilege**

Grange has requested discovery of attorney-client communications. Whether Grange is entitled to this otherwise privileged material is governed in Ohio by both common law and statute.

**1. *Boone* Exception**

In *Boone v. Vanliner*, 91 Ohio St. 3d 209 (2001), the Ohio Supreme Court established a common law exception to Ohio's attorney-client privilege in specific cases, like the one at hand, involving allegations that an insurer denied an insured's claim in bad faith. *In re: Prof'ls Direct Ins. Co.*, 578 F.3d 432, 441 (6th Cir. 2009). *Boone* held that, in such bad faith cases, "the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created

7

prior to the denial of coverage." *Boone*, 91 Ohio St. 3d at 209, syllabus. The critical issue is whether the documents "'may cast light' on whether the insurer acted in bad faith." *In re: Prof'ls Direct Ins. Co.*, 578 F.3d at 442 (quoting *Garg v. State Auto. Mut. Ins. Co.*, 155 Ohio App. 3d 258 (Ohio Ct. App. 2003)).

In the case *sub judice*, there was no formal, written denial of claim, so the Court must first determine the appropriate date upon which the *Boone* exception arose. *See, e.g.*, *Scotts Co. v. Liberty Mut. Ins. Co.*, No. 2:06-cv-899, 2007 WL 1500899, at *4 (S.D. Ohio May 18, 2007)(finding that the actual scope of the *Boone* exception is dependant upon the unique facts of each case). "An outright denial of a claim is not required in order to obtain discovery under *Boone*." *In re: Prof'ls Direct Ins. Co.*, 578 F.3d at 442 n.8; *see also Unklesbay v. Fenwick*, 167 Ohio App. 3d 408, 415, 855 N.E.2d 516 (2006). The United States Court of Appeals for the Sixth Circuit has recognized that, in situations where the insurer elects to defend the insured under a reservation of rights instead of simply deny coverage, there may be no actual coverage denial date. *In re: Prof'ls Direct Ins. Co.*, 578 F.3d at 442. Thus, it is reasonable for a court to construct a date of denial for purposes of determining the scope of the *Boone* exception. *Id.*

Here, it is undisputed that Chubb provided Grange a defense to the underlying litigation subject to a reservation of rights. *See Order*, Doc. No. 22. On May 31, 2005, Chubb issued an initial reservation of rights letter to Grange at the outset of the underlying litigation. *See id.*; Doc. No. 71-33. On August 10, 2007, Chubb issued a supplemental reservation of rights letter to Grange after Grange announced its shift in defense strategy from one of litigation to settlement. *See Order*, Doc. No. 22; Doc. No. 71-35. In the latter

8

letter, Chubb specifically noted that it believed that there were "serious issues with respect to coverage under the Policy for any potential settlement" that might ensue. *See* Doc. No. 71-35. In neither letter, however, did Chubb deny coverage outright; rather, Chubb stated that its articulated position with respect to coverage was based on the facts and information known to date, making the analysis subject to change if additional facts became known to it. *See* Doc. Nos. 71-33, 71-35.

On December 12, 2007, once terms of settlement had been reached in the underlying litigation, Grange demanded that Chubb reverse its position and provide indemnification coverage for the settlement. *See* Doc. No. 71-41. On December 20, 2007, Chubb responded to Grange's demand by filing the instant declaratory action.

Based on these events, it appears that the only reasonable date to use as a constructive denial date is December 20, 2007, *i.e.*, the date that Chubb actually filed this action. *See, e.g.*, *In re: Prof'ls Direct Ins. Co.*, 578 F.3d at 442 (approving the Magistrate Judge's use of the date by which the insurer made its coverage decision and informed the insured that it would seek a declaratory judgment). Furthermore, Chubb itself views the filing of this lawsuit as its formal denial of indemnity coverage. *See Chubb's Renewed Motion for Summary Judgment,* Doc. No. 136, p. 17.

Therefore, any document that Chubb identified on its privilege log as including communications with coverage litigation counsel for the time frame June 29, 2007 through December 20, 2007, and which was previously withheld or redacted as protected by the attorney-client privilege, may be discoverable under *Boone*. *See Chubb Custom's Privilege Log Prepared in Supplemental Response to Certain of Defendants' First Set of Requests for Production of Documents*, Doc.

No. 48-2. Ohio courts prefer an *in camera* review of these documents before providing them to the opposing party. *See generally Scotts Co.*, 2007 WL 1500899, at *5 (citing examples). Accordingly, Chubb must produce for *in camera* review the following documents, in unredacted form:[2]

| Bates Range | Date |
|---|---|
| F00073-F00074 | 6/29/07 |
| F00071 | 7/2/07 |
| F00067-F00068 | 7/2/07 |
| F00055 | 7/13/07 |
| F00045 | 8/12/07 |
| F00045 | 8/14/07 |
| F00041-F00044 | 8/27/07[3] |
| F00032-F00033 | 9/13/07 |
| F00031-F00032 | 9/24/07 |
| F00025-F00026 | 10/17/07 |
| F00023 | 11/6/07 |
| F00021 | 12/5/07 |

*See* Doc. No. 48-2, pp. 4-8.

### 2. Ohio Revised Code § 2317.02(A)

After *Boone*, the Ohio General Assembly amended its privileged communications statute, Ohio Revised Code § 2317.02(A), to create a testimonial exception to the attorney-client privilege under limited circumstances:

> The following persons shall not testify in certain respects:
> * * *
> (2) An attorney, concerning a communication made to the attorney by a client in that relationship or the attorney's advice to a client, except that if the client is an insurance company, the attorney may be compelled to testify, subject to an in camera inspection by a court, about communications made by the client to the attorney or by the attorney to the client that are related to the attorney's aiding or furthering an ongoing or future commission of bad

---

[2] Chubb may retain redactions in these documents only to the extent that they relate to confidential and proprietary computer information, which is not at issue here. All other redactions must be removed for the Court's review.

[3] The date listed on the log for this document is 8/27/2008. Due to the location of this document on Chubb's chart, however, the Court assumes this was a typographical error and should have read 8/27/2007. If this document is indeed dated 8/27/2008, it need not be produced.

10

>faith by the client, if the party seeking disclosure of the
>communications has made a prima facie showing of bad faith,
>fraud, or criminal misconduct by the client.

Ohio Rev. Code Ann. § 2317.02(A)(2) (West 2011). Because Grange seeks to depose Chubb's attorneys regarding the insurance coverage dispute, such testimony can be compelled only if the provisions of § 2317.02(A) are met. The initial inquiry is whether Grange has made a *prima facie* showing of bad faith in this case.  The Court concludes that Grange has not.

When the Court deferred ruling on Grange's bad faith counterclaim to allow additional briefing, it observed that, based on the evidence before it, "the nature of this insurance coverage dispute demonstrates an absence of bad faith by Chubb." *Opinion and Order*, Doc. No. 125, p. 24.  Indeed, the very genesis of this Rule 56(d) motion is the belief that Grange requires more evidence to oppose Chubb's renewed motion for summary judgment on the bad faith counterclaim. Furthermore, Grange admits that it "does not know" if the privileged communications sought by Grange will reveal evidence to undermine Chubb's position in its motion for summary judgment; Grange speculates only that such communications "may" do so. *See Memorandum in Support of Rule 56(d) Motion*, Doc. No. 138; *see also Reply Memorandum in Support of Grange's Motion for Modification*, Doc. No. 129, p. 3 ("The fact is Grange has no idea whether discovery [of attorney-client communications] will reveal egregious admissions . . . or whether it will reveal anything of any significance."). Although Grange's speculation regarding what it may find related to the claim of bad faith is enough to warrant this Court's review of the previously redacted documents, such speculation is insufficient to override the evidentiary privilege that ordinarily insulates the the testimony of attorneys from the discovery process.

**C. Work Product Doctrine**

Grange also seeks documents that Chubb withheld from production for reasons of "attorney-client privilege or work product." *See Chubb Custom's Privilege Log*, Doc. No. 48-2. Thus, even if Grange is entitled to discover certain attorney-client communications contained in documents that fall within the *Boone* exception, Grange may nevertheless not be entitled to the documents to the extent that those documents also qualify as protected work product.

Unlike the attorney-client privilege, the work-product doctrine is governed by federal law. *See In re: Prof'ls Direct Ins. Co.*, 578 F.3d at 438 (noting that the work-product doctrine outright is a procedural rule and, as such, Fed. R. Civ. Pro. 26(b)(3) governs in a diversity case). "The work-product doctrine protects an attorney's trial preparation materials from discovery to preserve the integrity of the adversarial process." *Id.* Specifically, Rule 26(b)(3) protects from disclosure all: (1) "documents and tangible things;" (2) "prepared in anticipation of litigation or for trial;" (3) "by or for another party or its representative." *Id.*

In the case presently before the Court, the sole issue in this analysis is whether the requested documents were prepared in anticipation of litigation. *Id.* To determine whether a document has been prepared "in anticipation of litigation," and is thus protected work product, the Court asks two questions: (1) whether that document was prepared "because of" a party's subjective anticipation of litigation, as contrasted with an ordinary business purpose; and (2) whether that subjective anticipation was objectively reasonable. *Id.* at 439 (citing *United States v. Roxworthy*, 457 F.3d 590, 594 (6th Cir. 2006)). If a document is prepared in anticipation of litigation, the

fact that it also serves an ordinary business purpose does not deprive it of protection, although the burden is on the party claiming protection to show that anticipated litigation was the "driving force behind the preparation of each requested document." *Id.* at 439 (citing *Roxworthy*, 457 F.3d at 595, 598-99) (internal citations omitted).

Due to the very nature of insurance disputes, an insurer's attorneys often serve two functions: providing advice on the business decision of whether to deny coverage and providing legal guidance in anticipation of litigation.  Thus, whether the documents at issue here are in fact protected work product can be determined only from an examination of the documents themselves and the context in which they were prepared. *Id.* The Court will have to make such an evaluation through an *in camera* review of the documents.

In sum, the Court concludes that the *Boone* exception applies to allow discovery of the requested documents (not testimony) otherwise insulated from discovery by the attorney-client privilege *if* those documents are relevant to whether Chubb acted in bad faith.  These documents, however, must be examined to verify that they satisfy the *Boone* exception to the attorney-client privilege and are not otherwise protected as work product.

**WHEREUPON**, *Defendants' Motion Pursuant to Rule 56(d) to Conduct Additional Discovery to Discover Facts in Opposition to Plaintiff's Renewed Motion for Summary Judgment*, Doc. No. 137, is **DENIED in part** and **GRANTED in part**.  Specifically, the Court denies Grange's motion as it relates to the depositions of Chubb's counsel.  The Court grants Grange's motion as it relates to certain documents identified on Chubb's privilege log, subject to the Court's review.  Within 10 days, Plaintiff is **ORDERED** to submit for *in camera* review the 12 documents

13

listed above, dated June 29, 2007 to December 5, 2007, which were previously withheld or redacted as protected by the attorney-client privilege and/or work product doctrine. The Court will then determine which, if any, of the submitted documents must be produced to Grange.


<u>April 17, 2012</u>                             <u>    *s/Norah McCann King*    </u>
                                            Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge