IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHUBB CUSTOM INSURANCE
COMPANY,

      Plaintiff,

   vs.                        Civil Action 2:07-CV-1285
                                   Judge Smith
                                   Magistrate Judge King

GRANGE MUTUAL CASUALTY
COMPANY, *et al.,*

      Defendants.


<u>OPINION AND ORDER</u>

     This matter is before the Court for *in camera* review of 12
documents previously withheld from production by plaintiff Chubb,
based on claims of attorney-client privilege and/or work product
doctrine, and now requested by defendant Grange for purposes of
responding to Chubb's renewed motion for summary judgment, Doc. No.
135. The Court outlined the facts and law relevant to this inquiry
when addressing Grange's *Motion Pursuant to Rule 56(d) to Conduct
Additional Discovery*, Doc. No. 137. *See Opinion and Order*, Doc. No.
141. Applying the standards previously set forth, the Court determines
the following:

1.    **Bates Nos. F00073-F00074**: email dated 6/29/2007 from Mary
    Alpaugh (Chubb) to Stanley J. Lehman (counsel), ccs: to
    Chubb employees; email dated 6/29/2007 from Barry Crombar
    (Chubb) to Mary Alpaugh; email dated 6/29/2007 from Janna
    Condor (Chubb) to Barry Crombar, cc: to Allison Stal, Lisa
    Wood Teleha (Chubb); email dated 6/29/2007 from Barry
    Crombar to Janna Condor, Lisa Wood Teleha, Allison Stal.

     This email chain relates to the transfer of the Grange Mutual
claim file to Michele Underwood.  Only the first email in this email
chain is a communication between Chubb and its attorney; thus, the
majority of this document is not protected by the attorney-client
privilege, nor is it work product, so it is discoverable. The first

email, even though an attorney-client communication, is discoverable under *Boone's* standard because it relates to the issue of coverage and the handling of the claim, which "may cast light" on whether Chubb acted in bad faith.[1]

Chubb is **ORDERED** to produce Bates Nos. F00073-F00074 with the above email chain unredacted. Chubb may redact the other partial communications on these pages that are not under review, *i.e.* the top portion of F00073 and the bottom half of F00074.

**2.** **Bates No. F00071**: email dated 6/29/2007 from Mary Alpaugh (Chubb) to Stanley J. Lehman (counsel), ccs: to Chubb employees.

This document is part of the email chain discussed in #1 above. The same analysis applies here; it is discoverable.

Chubb is **ORDERED** to produce Bates No. F00071 with the above email unredacted. Chubb may redact the other partial communications on these pages that are not under review, *i.e.* the top and bottom portions of F00071.

**3.** **Bates Nos. F00067-F00068**: email dated 7/2/2007 from Michele Underwood (Chubb) to Stanley J. Lehman (counsel); email dated 6/30/2007 from Stanley J. Lehman to Michele Underwood; email dated 6/29/2007 from Mary Alpaugh to Stanley J. Lehman (counsel), ccs: to Chubb employees.

This email chain also relates to the transfer of the Grange Mutual claim file to Michele Underwood. All email communications involve counsel, but the entire email chain is discoverable under *Boone's* standard because it relates to the issue of coverage and the handling of the claim, which "may cast light" on whether Chubb acted

---

[1] Since this is a question of discovery, the Court is not passing judgment as to whether the documents discussed herein ultimately support or undermine the parties' claims or defenses. Rather, if a document is relevant to the issue of coverage, claim processing, or other bases set forth in Grange's bad faith claim (*see Answer and Counterclaim*, Doc. No. 4, pp. 26-27), then pursuant to the *Boone* standard, it is discoverable.

in bad faith.  It is not work product.

Chubb is **ORDERED** to produce Bates Nos. F00067-F00068 with the above email chain unredacted. Chubb may redact the other partial communication on these pages that is not under review, *i.e.* the top portion of F00067.

4.  **Bates No. F00055**: note dated 7/13/2007 by Michele Underwood (Chubb).

This communication appears to be a note to file that summarizes telephone calls made in the handling of the claim, including a referenced attempt to contact coverage counsel.  It is discoverable under *Boone*.

Chubb is **ORDERED** to produce Bates No. F00055 with the above note unredacted. Chubb may redact the other partial communications on this page that are not under review, *i.e.* the top and bottom portions of F00055.

5.  **Bates No. F00045**: email dated 8/12/2007 from Michele Underwood (Chubb) to John Kristiansen (Chubb), cc: to William Adams (Chubb).

This email relates to a draft complaint for declaratory relief. This is clearly prepared in anticipation of litigation and therefore protected as work product.

6.  **Bates No. F00045**: note dated 8/14/2007 by Ellen Solchenberger (Chubb).

This communication appears to be a note to file that addresses the delivery of underwriting materials to Michele Underwood and Stanley Lehman. This email relates to claims handling, so it is discoverable under *Boone*.

Chubb is **ORDERED** to produce Bates No. F00045 with the above note unredacted. Chubb may redact the communication discussed in #5, *supra*, as protected work product.

7. **Bates Nos. F00041-F00044**: email dated 8/28/2007 from Michele Underwood (Chubb) to Sarah Hambrick (Chubb), cc: to Lauren Watstein (Chubb); email dated 8/28/2007 from Sarah Hambrick to Michele Underwood, cc: to Lauren Watstein; email dated 8/27/2007 from Michele Underwood to Eric Younger (Chubb), cc: to Chubb employees; email dated 8/27/2007 from Eric Younger to Michele Underwood, cc: to Chubb employees; email dated 8/27/2007 from Michele Underwood to Dan Broussard (Chubb), cc: to Chubb employees; email dated 8/27/2007 from Dan Broussard to Eric Younger, Michele Underwood, Lauren Watstein, cc: to Richard Kier (Chubb); email dated 8/27/2007 from Eric Younger to Dan Broussard, cc: to Lauren Watstein.

This email chain relates to Chubb's internal auditing of legal service invoices related to the Grange matter and reflects communications from counsel. This document "may cast light" on whether Chubb acted in bad faith in its review, processing and payment of litigation costs, one of Grange's bases for its bad faith claim. This relates to coverage, so it is discoverable under *Boone*.

Chubb is **ORDERED** to produce Bates Nos. F00041-F00044 with the above email chain unredacted. Chubb may redact the other partial communication on these pages that is not under review, *i.e.* the top portion of F00041.

8. **Bates No. F00032-F00033**: email dated 9/13/2007 from Michele Underwood (Chubb) to Stanley J. Lehman (counsel), William Adams (Chubb), cc: to Erin Milliken (counsel).

This email is an attorney-client communication, summarizing interactions with Grange as to invoice reimbursements and settlement discussions in the underlying litigation. As this relates to the handling of the Grange claim, and it is not work product, it is discoverable under *Boone*.

Chubb is **ORDERED** to produce Bates Nos. F00032-F00033 with the above email chain unredacted. Chubb may redact the other partial communications on these pages that are not under review, *i.e.* the top portion of F00032 and the bottom half of F00033.

9. **Bates No. F00031-F00032**: email dated 9/24/2007 from Stanley J. Lehman (counsel)to Michele Underwood (Chubb); email dated

9/24/2007 from Michele Underwood to Stanley J. Lehman; email
dated 9/24/2007 from Stanley Lehman to Michele Underwood;
email from "jlawson" (Chubb) to "Attorney-invoices" and
"lcmg" of Chubb, "laz" and "pas" of Sherrard German (law
firm).

This email chain includes correspondence between Chubb and its
counsel. However, the communications do not pertain to the substance
of the legal representation, but only generally addresses the firm's
billing for services rendered.  These communications are not protected
by the attorney-client privilege. With that said, this email chain,
unlike the one addressed in #8 above, does not appear to involve any
coverage issues. It is therefore not relevant to whether Chubb acted
in bad faith and need not be produced.

10.    **Bates No. F00025-F00026**: email dated 10/17/2007 from Michele
       Underwood (Chubb) to Stanley J. Lehman (counsel), William Adams
       (Chubb); email dated 10/16/2007 from Michele Underwood to Stanley
       J. Lehman, William Adams.

This series of emails are clearly protected by the attorney-
client privilege. But the emails also clearly address coverage issues
and "may cast light" on whether Chubb acted in bad faith. They are
discoverable under *Boone*.

Chubb is **ORDERED** to produce Bates Nos. F00025-F00026 with the
above emails unredacted. Chubb may redact the other partial
communications on these pages that are not under review, *i.e.* the top
portion of F00025 and the bottom half of F00026.

11.    **Bates No. F00023**: note dated 11/6/2007 by Dan Broussard (Chubb).

This communication appears to be a note to file that addresses
the payment of a Sherrard German invoice. It does not appear to
involve any coverage issues. Therefore it is not relevant to whether
Chubb acted in bad faith and need not be produced.

12.    **Bates No. F00021**: note dated 12/5/2007 by Dan Broussard (Chubb).

This document appears to address the payment of an invoice for

legal fees. As explained in #11, *supra,* they need not be produced.

      **WHEREUPON**, plaintiff is **ORDERED** to produce documents consistent with the foregoing to defendant by May 18, 2012.  Defendant will then have until June 15, 2012, to file its opposition to plaintiff's renewed motion for summary judgment. Plaintiff's reply brief, if any, shall be filed in accordance with S.D. Ohio Civ. R. 7.2.

May 11, 2012             *s/Norah McCann King*
                                 Norah M$^c$Cann King
                         United States Magistrate Judge